# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **PAUL WILLOUGHBY, PHILLIP DAVIS, AND CRYSTAL FOSTER-GADSDEN FOR AND ON BEHALF OF THEMSELVES AND OTHER PERSONS SIMILARLY SITUATED,** | **CIVIL ACTION FILE NO.: _____**<br><br>**JURY TRIAL DEMANDED** |
| **Plaintiffs,** | |
| **vs.** | |
| **YOUTH VILLAGES, INC.** | |
| **Defendant.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW Plaintiffs Paul Willoughby, Phillip Davis, and Crystal Foster-Gadsden, for and on behalf of themselves and other similarly situated persons (collectively, "Plaintiffs") in their complaint against Defendant Youth Villages, Inc. (hereinafter "Youth Villages") and show the Court as follows:

## THE PARTIES  AND JURISDICTION AND VENUE

### 1.

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216.  Plaintiffs are all residents of the state of Georgia and are all former employees of Youth Villages, who was the FLSA employer of Plaintiffs for the

relevant period of time.   Plaintiffs served in the capacity of teacher/counselors and were paid varying weekly amounts.   Plaintiffs were not paid the full amount of overtime required by the FLSA.   Plaintiffs bring this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the "Act" or "the FLSA"), and pursuant to Georgia state law as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendant's failure to pay overtime and failing to pay employees full compensation for all hours worked.   The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs. Plaintiffs hereby consent to be part of this action and name parties in the collective action.

3.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, employees who have been or are employed in positions similar to those of the individually named Plaintiffs, and were subject to the same or similar unlawful practices as the individually named Plaintiffs.   The number and identity of other Plaintiffs yet to

opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.  Everyone in the class was or is a counselor of Youth Villages, working at the Douglasville location, and subject to the same uniform company policy refusing to pay time and one half for hours worked in excess of forty in a week.  There are at least fifty (50) eligible counselors who were subject to this uniform company policy in the last three (3) years from the date of the filing of this Complaint and many of them would be interested in joining this lawsuit.

4.

At all times relevant hereto, Youth Villages was and is a Tennessee corporation doing business in this judicial district and with its principal place of business at 1777 Northeast Expressway, Suite 150, Atlanta, Georgia 30329. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

5.

Defendant is a covered "employer" under the FLSA under the FLSA, 29 USC 203. Defendant is an institution primarily engaged in the care of the emotionally disturbed persons that live on its premises.  29 U.S.C. § 203(r)(2)(A). More than fifty percent of Youth Village's residents have been evaluated for mental or emotional disturbance by a qualified physician, psychiatrist, or

psychologist either subsequent to admission to the institution or preceding admission and if the evaluation is the cause for referral. Defendant's website describes its services by stating, "Youth Villages' residential treatment programs serve boys and girls with serious to severe emotional and behavioral problems combined with other needs. … Almost 95% of those admitted have multiple presenting issues." *See* http://www.youthvillages.org/what-we-do/residential-programs.aspx. Specifically Defendant's website further elaborates, "The Youth Villages Inner Harbour Campus is one of Georgia's largest psychiatric residential treatment programs for seriously emotionally disturbed children and youth." *See* http://www.youthvillages.org/what-we-do/residential-programs/inner-harbour-campus.aspx.

6.

Defendant is a covered employer and subject to the FLSA because Defendant performs activities "in connection with the activities of a public agency" pursuant to 29 U.S.C. § 203(r)(2)(C). Defendant's website explains, "Youth Villages entered Georgia in 2008 at the request of the commissioner of the Department of Human Resources, which oversees the Division of Family and Children Services." *See* http://www.youthvillages.org/Portals/0/PDFs/media_section/YV11-GA-3yreportlowres.pdf.

4

7.

Plaintiffs are individually covered under the FLSA because Plaintiffs' work constitutes an engagement in interstate commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period.  Plaintiffs' work for the Defendant engaged in interstate commerce for the relevant time period because Defendant operates in numerous states and/or Plaintiffs' employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

8.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and 1337.

Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) because the Defendant does business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

**A. Defendant Failed to Pay Plaintiffs for All Hours Worked**

9.

Between the commencement of Plaintiffs' employment and the termination of their employment, Plaintiffs in some weeks worked far in excess of forty (40) hours per week for the Defendant but were never paid for all hours worked and not paid full overtime wages for any of those weeks.

10.

For every eight hours worked, Defendant deducted two fifteen minute breaks and one thirty minute break from its calculation of the number of hours worked by Plaintiffs, regardless of whether Plaintiffs actually took these breaks.

11.

Because Defendant was short staffed, or for other reasons frequently throughout their employment with Youth Villages, Plaintiffs regularly were unable to take any breaks.

12.

Despite the fact that Plaintiffs commonly worked through their "breaks," the Defendant and its managers deducted the "breaks" from the Plaintiffs' number of hours worked.

13.

Defendant did not accurately record the number of hours worked by Plaintiffs, did not properly calculate Plaintiffs regular rate, and did not properly pay Plaintiffs for all hours worked, including full overtime.

**B. Any Overtime Paid to Plaintiffs was Improperly Calculated under the Fluctuating Workweek Method**

14.

If Defendant paid Plaintiffs overtime, said overtime was improperly calculated using the fluctuating workweek method. The fluctuating workweek method employed by Plaintiffs erroneously calculated Plaintiffs overtime rate to be one-half Plaintiffs regular rate, instead of one and one-half of Plaintiffs regular rate.

15.

Youth Villages improperly utilized the fluctuating workweek method of calculation for the following reasons:

1. *Employee Handbook:*

16.

One or more of the Plaintiffs was provided a Job Offer Acknowledgement which defined the position as a Non-Exempt Position.

17.

One or more of the Plaintiffs were provided with an Employee Handbook which defined a nonexempt employee as an employee to which Youth Villages will pay overtime pay at the rate of one and one half times the employee's regular hours rate for all hours worked on behalf of Youth Villages beyond forty (40) hours in a work week.

18.

The Employee Handbook defined a distinct category of nonexempt fluctuating workweek. According to the Employee Handbook, a nonexempt fluctuating workweek employee is paid overtime at the rate of one half the employee's regular rate of pay.

19.

Youth Village and the Plaintiffs did not have a clear mutual understanding that the Plaintiffs would be paid a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many, because the Job Offer Acknowledgement and Employee Handbook stated that Youth Villages will pay overtime pay at the rate of one and one half times the employee's regular hours rate. 29 C.F .R. § 778.114(a).

   2. *Improperly Deducted "Breaks"*

20.

As more fully described above, Youth Villages deducted "breaks" from the number of hours worked by Plaintiffs, even though Plaintiffs regularly did not take said "breaks."

21.

There was not a clear mutual understanding between Plaintiffs and Youth Villages to properly calculate the Plaintiffs' regular rate because Youth Villages deducted "breaks" from the number of hours worked by Plaintiffs when Plaintiffs did not take said "break."

22.

There was not a clear mutual understanding between Plaintiffs and Youth Villages that Plaintiffs were to be paid for all hours in excess of the statutory

maximum at a rate not less than one-half the regular rate of pay because Youth Villages deducted "breaks" from the number of hours worked by Plaintiffs when Plaintiffs had worked through said "break."

23.

Because Defendant improperly recorded the number of hours actually worked by Plaintiffs, it failed calculate Plaintiffs' regular rate pursuant to 29 CFR 778.114, which requires that Defendant determine the regular rate by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week

24.

Because Defendant improperly calculated the number of hours worked and the regular rate, it also failed to properly calculate the overtime payment. *See* 29 CFR 778.114.

3. *Sick, Holiday, Personal and FMLA Leave*

25.

Youth Villages has a policy to deduct pay for absences when Plaintiffs sick days, vacation, holidays or personal days are exhausted.

26.

Because Youth Villages has a policy to deduct pay when sick days, vacation, holidays or personal days are exhausted, Plaintiffs did not have a clear mutual understanding that Plaintiffs would be paid a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. 29 C.F .R. § 778.114(a).

27.

In addition to preventing there from being the required clear mutual understanding, the sick/holiday/personal day deduction violates 29 C.F.R. § 778.114, which prohibits an Youth Villages from making full day deductions from the salary of its fluctuating workweek employees when the employee has exhausted his or her sick leave.

28.

If Plaintiffs were absent for leave qualifying under the Family and Medical Leave Act, whether for a partial day or a full day of absence, it was the policy of Youth Villages to make deductions from the fixed payment.

29.

Because Youth Villages has a policy to deduct pay when FMLA leave is used, Plaintiffs did not have a clear mutual understanding that Plaintiffs would be

paid a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. 29 C.F .R. § 778.114(a).

30.

In addition to preventing there from being the required clear mutual understanding, the FMLA deduction policy violates of 29 CFR 825.206(b) which provides, "[i]f an employer does not elect to convert the employee's compensation to hourly pay, no deduction may be taken for FMLA leave absences."

31.

Youth Villages sick day, vacation, holiday, personal day and FMLA leave policies made Plaintiffs' pay dependent upon the number of hours worked by Plaintiffs. The required clear mutual understanding was absent. 29 C.F.R. § 778.114(a).

4.  *Lack of Fluctuating Schedule*

32.

Defendant improperly calculated some or all Plaintiffs overtime under the fluctuating workweek method because the Plaintiffs did not have a fluctuating schedule. See 29 CFR 778.114.

## COUNT I: FLSA VIOLATIONS

33.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

34.

Defendant's policies as stated above have caused Plaintiffs to be deprived of wages due them.

35.

Payment for all hours worked in overtime workweek is required by federal law including but not limited to by 29 CFR § 778.315.

36.

Plaintiff and other similarly situated employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40) hours. 29 C.F.R. § 778.101. When Plaintiffs worked more than forty (40) hours during a week, Defendant did not compensate Plaintiffs at a rate of one and one half-times the regular rate at which Plaintiff was actually employed for the first forty (40) hours. 29 C.F.R. § 778.107.

37.

Defendant improperly calculated any overtime that was paid to Plaintiffs pursuant to the fluctuating workweek method, because all of the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are not present.

38.

29 C.F.R. § 778.114(a) sets out five prerequisites for application of the flexible work week method: (1) employee has work which fluctuate from week to week; (2) he receives a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many; (3) a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek; (4) the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate; and (5) he receives extra compensation for all overtime hours worked at a rate not less than one-half his regular rate of pay.

39.

The plain terms of 29 C.F.R. § 778.114(c) provide that unless "all the legal prerequisites" for applying the flexible work week method are present, an employer cannot avail itself of the flexible work week method for calculating overtime wages.

40.

Since the fluctuating work week method cannot apply, the "statutory" method of multiplying the employee's regular hourly rate by one and one-half and then by the number of hours worked over forty (40) in each work week is the applicable overtime pay computation method.

41.

Defendant's policies as stated above constitute a violation of the FLSA, requiring a payment for all hours worked and requiring time and one half rate to be paid for all overtime hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 778.

42.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

43.

Defendant was well aware that Plaintiffs were not taking breaks and Plaintiffs were not being paid overtime previously defended FLSA claims against them and is well aware of their obligations under the FLSA.   Further, Defendant was aware of the job offer acknowledgments that it provided to Plaintiffs.

Additionally, Plaintiffs commonly complained to Defendant that they worked hours for which they were not paid.

44.

Because Defendant had knowledge that Plaintiffs did not take breaks, was aware of Plaintiffs complaints regarding lack of payment and was aware of the job offers it provided to Plaintiffs, Defendant knew its conduct violated the FLSA or Defendant acted with reckless disregard as to whether its conduct was prohibited by the statute.

45.

Accordingly, Defendant has willfully violated the FLSA, 29 U.S.C. 201 et. Seq.

## COUNT II: BREACH OF CONTRACT

46.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

47.

Some or all of Plaintiffs and Youth Villages entered into and formed a Contract which entitles some or all of Plaintiffs to, among other things, payment for all hours worked and all hours worked in excess of forty (40) per week at a rate of one and one-half times the regular rate.

48.

By so refusing to provide Plaintiffs with the full overtime compensation due, Defendant has breached its contractual agreement with some or all of Plaintiffs.

49.

Some or all of Plaintiffs and Youth Villages entered into and formed a Contract which entitles some or all of Plaintiffs to, among other things, payment for all hours worked.

50.

By improperly deducting breaks and so refusing to provide Plaintiffs with compensation for all hours worked, Defendant has breached its contractual agreement with some or all Plaintiffs.

51.

Some or all Plaintiffs are entitled to recover from Defendant for all compensatory and consequential damage sustained due to the breach of contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a.    A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.    An award of past due wages for each Plaintiff, together with interest thereon;

c.      That the Court award Plaintiffs liquidated damages, together with interest thereon;

d.      That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e.      That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f.       That additional similarly situated former employees of Defendant be permitted to join this suit by appropriate opt-in; and

g.      That Plaintiffs be awarded compensatory and consequential damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

h.      Authorization to issue notice pursuant to 29 U.S.C. 216(b) at the earliest possible time to all current and former employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of the right to opt into this lawsuit if they worked hours in excess of forty (40) in a work week and had a break that was not taken deducted from the number of hours worked.

i.      Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 25th day of November, 2013.

Respectfully submitted,

By: /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Julie Hoehn Burke
      Georgia State Bar No. 448095

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:   770-953-1358
Email:        drk@hkw-law.com
Attorney for Plaintiffs