## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **PAUL WILLOUGHBY,** | ) | |
| **PHILLIP DAVIS,** | ) | |
| **JAMIE STEPHENSON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | **1:13-CV-03910-SCJ** |
| | ) | |
| **YOUTH VILLAGES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS

Plaintiffs and Youth Villages, Inc. ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter.  Because Plaintiffs' action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreements must be approved by this Court and said approval must be entered as a stipulated final judgment.

## I.
## LEGAL PRINCIPLES

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's*

*Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiffs'

FLSA claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA.  The Parties dispute whether or not Plaintiffs were entitled to overtime or liquidated damages during most of their employment with Defendant.  The Parties agree that the settlements negotiated and reached by the Parties reflect reasonable compromises of these disputed issues.  The Parties formulated and exchanged their own proposed settlement figures.  The Parties then engaged in settlement discussions and mediation, based upon these independent calculations.  The Parties, through their attorneys with the aid of a mediator, voluntarily agreed to the terms of their settlement agreement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The amount agreed to for Plaintiff was calculated based on individualized negotiations, facts and defenses. This being individual and not a class or collective action, each such agreement must be approved.

## II.
## <u>SUMMARY OF THE SETTLEMENT</u>

The Parties have agreed to the fair compensation to Plaintiffs discounted by the risk and expense of continuing litigation.  The Settlement Agreement and Release ("Release") signed by the Plaintiff Paul Willoughby is attached as "<u>Exhibit 1</u>".  The Settlement Agreement and Release ("Release") signed by the Plaintiff Phillip Davis is attached as "<u>Exhibit 2</u>".  The Settlement Agreement and Release ("Release") signed by the Plaintiff Jamie Stephenson is attached as "<u>Exhibit 3</u>". The Releases reflect the amounts to be paid to Plaintiffs indicating which amounts are subject to withholding.

Plaintiffs are receiving more than the amount of unpaid overtime compensation to which Plaintiffs could be entitled if Defendant were to prevail in litigation on its defenses.

Pursuant to the proposed settlement, Plaintiffs' counsel will receive an amount in fees and costs awarded by the Court pursuant to the substantive law and procedures specified by the Fair Labor Standards Act and the Federal Rules of Civil Procedure after an opportunity for Plaintiffs' counsel to petition and Defendant to respond to the issues raised by the said fee petition.  Pursuant to the Release and limitations reached at mediation, as part of the Parties' settlement, the Plaintiffs' counsel may file a single consolidated motion for attorneys' fees and

expenses for all Plaintiffs in the *Stephenson* case, case no. **1:13-CV-3910-SCJ**, and Defendant may oppose this.

The settlement is intended to resolve all wage and hour claims that could be made by this Plaintiff pursuant to the Fair Labor Standards Act, the laws of the State of Georgia, including contract claims, and the federal and state common laws.

### III.
### CONCLUSION

The Parties jointly and respectfully request that this Court approve the settlement agreements of the Parties, and dismiss the instant action as well as any and all other pending claims, based on the facts alleged or which could have been alleged in Plaintiff's complaint, between the Parties with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "2" hereto.

Respectfully submitted, this 1st day of April, 2016.

JACKSON LEWIS P.C.

s/ James R. Mulroy, II
James R. Mulroy, II (TN Bar No. 000098)
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com

*Admitted Pro Hac Vice*

HILL KERTSCHER & WHARTON

s/ Douglas R. Kertscher w/permission
Riverwood 100
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339
Telephone: (770) 953-0995
drk@hkw-law.com

Attorneys for Plaintiff

5

Eric R. Magnus (GA Bar No. 801405)
1155 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3600
Phone: (404) 525-8200
Fax: (404) 525-1173
magnuse@jacksonlewis.com

Kelly S. Carlson (TN Bar No. 014325)
General Counsel
Youth Villages, Inc.
3320 Brother Blvd.
Memphis, TN 38133
Phone: (901)251-4964
Fax: (901)251-5005
Kelly.Carlson@YouthVillages.org

*Admitted Pro Hac Vice*

Attorneys for Defendant
YOUTH VILLAGES, INC.

**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PAUL WILLOUGHBY,** | ) | |
| **PHILLIP DAVIS,** | ) | |
| **JAMIE STEPHENSON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | **1:13-CV-03910-SCJ** |
| | ) | |
| **YOUTH VILLAGES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record as follows:

Douglas R. Kertscher, Esq.
Julie Hoehn Burke, Esq.
Hill, Kertscher & Wharton LLP
Riverwood 100
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone: (770) 953-0995
drk@hkw-law.com

*Attorneys for Plaintiff*

This 1st day of April, 2016.

By:  s/ James R. Mulroy, II
James R. Mulroy, II
Attorneys for Defendant

4825-1285-2271, v. 1

7