IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAUL WILLOUGHBY, PHILLIP ) <br> DAVIS, JAMIE STEPHENSON  ) <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> YOUTH VILLAGES, INC.  ) <br> ) <br> Defendant.  ) | Civil Action File No. <br> 1:13-CV-3910-SCJ |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF LAW IN SUPPORT**

## I.   Introduction

All forty-eight (48) Plaintiffs in the various related Youth Villages FLSA cases reached settlements calling for them to be paid most of their claimed lost wages. This settlement resulted from a mediation in February 2016 with the help of mediator Lee Parks. In order to allow for a global settlement, a material part of the settlement was the agreement that the Defendant would pay only ***a portion*** of Plaintiffs' attorneys' fees, as determined by the Court, with a high/low agreement on the fees of $80,000 - $265,000.  [Doc. 136-1, p. 3].[1]

---

[1] Defendant also agreed to pay Plaintiffs' reasonable litigation expenses, as ordered by the Court. These expenses are not subject to the "high-low" agreement governing attorneys' fees. Litigation expenses are discussed in more detail below. [Doc. 136-1, p. 3].

1

However, Plaintiffs' counsel's **actual** fees (not counting the present motion) total $363,822.50. Therefore, even if the court awards the Plaintiffs' counsel the maximum of $265,000, the Plaintiffs' counsel will take a loss of approximately $100,000.[2]

Plaintiffs request that this Court award the high amount of $265,000. This Court is aware that fees should not be cut where a Defendant cannot carry its burden to show that specific time entries were "redundant, excessive, or otherwise unnecessary." *Kwik v. John L. Hyman, MD, P.C., Et. Al.*, Case No. 1:10-cv-02317-SCJ, Order of Sept. 12, 2011, Doc. 88 (J. Jones). Because Plaintiffs only seek the maximum $265,000 amount, the Defendant must show that nearly $100,000 of Plaintiffs' counsel's work was "redundant, excessive or otherwise unnecessary," in order for this Court to be authorized to award anything other than the maximum amount.

The Defendant cannot carry its burden to make that showing in a case where there were forty-eight (48) Plaintiffs, twelve (12) depositions, and the Defendant filed three (3) separate motions for summary judgment and two (2) rounds of motions to dismiss making various arguments.

---

[2] Plaintiffs' counsel is not recouping these lost fees from the Plaintiffs' recoveries, which have already been all paid to Plaintiffs, or from any other source.

The Plaintiffs' counsel's fee request is based upon the hours reasonably expended multiplied by reasonable hourly rates. Plaintiffs' counsel has spent significant time and resources representing the Plaintiffs. These efforts were reasonable and necessary to vigorously represent the interests of the Plaintiffs. They involved no unnecessary duplication of efforts. To the contrary, Plaintiffs' counsel's efforts, as shown in the attached detailed and specific billing records that are not "block billed" and are broken down into six (6) minute increments and by individual biller, reflect a disciplined, efficient, and effective division of labor intended to maximize their relevant skills and abilities. (Ex. 1, Hill, Kertscher & Wharton Billing records).

## II. **Plaintiffs' Attorneys' Fee Request is Reasonable and Should be Granted**

Plaintiffs submit detailed and specific billing records that are not "block billed" and are broken down into six (6) minute increments and by individual biller. (Ex. 1). Plaintiffs also submit a declaration (Ex. 2) and other documents regarding prevailing attorneys' rates (Ex. 3) in support of their claim. Plaintiffs seek fees that are reasonable and customary in this type of employment litigation.

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Mayson v. Pierce*, 806 F.2d 1556, 1557 (l1th Cir. 1987) (citing *Hensley*

v. *Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). "The product of these two figures is the lodestar and there is a **<u>strong presumption</u>** that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (l1th Cir. 2008)[emphasis added].

This standard makes all of the work performed on this case, which was performed over 2.5 years of litigation while representing as many as forty-eight (48) Plaintiffs involving complex legal issues and facts, compensable legal work reasonably incurred on behalf of Plaintiffs. This work, despite a vigorous defense involving three (3) different summary judgment motions and various motions to dismiss, resulted in most Plaintiffs recovering a high percentage of what they could have recovered at trial.

Many Courts have recognized the public policy which is furthered by having employees paid in compliance with the FLSA. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fla. 2007); *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1313 (S.D. Fla. 2009). As Plaintiffs' counsel has used billing judgment, has obtained excellent results, and all of the work performed was necessary to obtain those results, this Court should award Plaintiffs' their full fees and costs. *RTC v. Hallmark Builders*, Inc., 996 F.2d 1144, 1150 (11th Cir. 1996).

Plaintiffs and their counsel attempted to litigate this case in a timely and conscientious manner. Because the work described in Plaintiffs' billing records was actually performed, it permitted Plaintiffs' counsel to be properly prepared to negotiate Plaintiffs' damages (and see below discussion of expert expenses), to develop and prove facts defeating Defendant's good faith defense, and to defend against the varied defenses put forth by Defendant in its many motions for summary judgment and to dismiss.

A. <u>Plaintiffs' Attorneys' Rates are Reasonable</u>.

Plaintiffs' counsel's hourly rates $400 an hour for an attorney with 22 years of experience (Doug Kertscher), $250 an hour for an attorney with 5 years of experience (Julie Burke), $200 an hour for an attorney with 2 years of experience (Travis Cashbaugh), and $85 an hour for a paralegal with 5 years of experience (Samira Clement) are reasonable and customary in the Atlanta area. (Ex. 2, Dec. of Counsel; Ex. 3, *Fulton County Daily Report* "Going Rate" survey). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

The hourly rates sought in this case are well within the range of rates charged by other attorneys in similar cases. (Ex. 2). These rates are also supported by *Daily*

*Report Going Rate* statistics, and are well within the range awarded by courts in this District and Division in similar cases. (*See* Ex. 3).

The rates are further supported by case law. *See*, *Moore ex rel. Moore v. Cook*, No. 1:07-CV-631-TWT, 2012 WL 5362892, at *6 (N.D. Ga. Oct. 31, 2012) (in fee-shifting Medicaid Act action, awarding $475 per hour for attorney with 23 years of experience, $400 per hour for attorney with 26 years of experience, and $330/hour for attorney with 10 years of experience); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, No. 10-2552, 2011 WL 1766018 (N.D. Ga. May 4, 2011) (in fee-shifting case, awarding $325/hour for attorney with 19 years of experience and $205/hour for attorney with just 2 years of experience). Plaintiffs' attorneys' rates are reasonable.

### B. Plaintiffs' Attorneys' Work Performed was Reasonable

"As to the work performed, compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorney's fees." *Cook*, 2012 WL 5362892 at *5; *see also City of Riverside v. Rivera*, 477 U.S. 561, 573 n. 6 (1986) (compensating productive attorney discussions and strategy conferences); *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 243 (1985) (compensating pre-litigation services in

preparation of suit); *Cruz v. Hauck*, 762 F.2d 1230, 1233-34 (5th Cir. 1985) (compensation for preparing and litigating fee request); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 & n. 5 (2d Cir. 1983) (allowing compensation for background research); *Brewster v. Dukakis*, 544 F.Supp. 1069, 1079 (D. Mass. 1982) (compensating negotiation sessions).

Further, "[a]s with attorneys' work, the hours expended by paralegals, law clerks, and other paraprofessionals are also compensable to the extent these individuals are engaged in work traditionally performed by an attorney." *Cook*, 2012 WL 5362892 at *5.

As noted in the attached declaration and itemized time records, the number of hours expended in this case is reasonable. The billing records speak for themselves, showing an efficient effort in pursing depositions and discovery, defending against Defendant's motions, etc.

Plaintiffs sought to settle the case via a mediation much earlier in the case (in January 2015) when attorneys' fees and expenses were much lower; however Defendant cancelled this mediation and chose instead to complete discovery (including expert discovery) and to file many, many motions for the remainder of 2015. Defendant finally agreed (again) to mediate the case in February 2016, which they could've done in 2015. As such, Defendant has only itself to blame for the many fees incurred in 2015.

The time spent in this case by Plaintiffs' counsel "was absolutely necessary to prosecute this case and present a reasonable fee for successfully litigating an employment case in this community." (Ex. 2).

C. Plaintiffs' Litigation Costs Should be Reimbursed

"In short, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs ... and the standard of reasonableness is to be given a liberal interpretation.'" *Cook*, 2012 WL 5362892 at *5 (quoting *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (l1th Cir. 1987)).

Expert fees were reasonably incurred. Nearly all of these expenses were incurred in late January/early February 2015, after the Defendant produced its own expert report in mid-January 2015 (near the close of discovery). As such the Plaintiffs' expert was required to, on very short notice, create a data base from Defendant's documents, which were produced as PDFs (which were not electronically searchable and thus did not create any electronic efficiencies in creating the data base) and create an expert report. Defendant also initially refused to produce its own electronic data base (it later did so upon court order) but produced it so late, and so close to the deadline, that much of the time consuming work in

creating the database was already done. Plaintiffs seek reimbursement of its expert fees totaling $51,346.

Plaintiffs seek total costs (including the expert fees) of $75,471.94. The other costs here all directly relate to this case, and were all necessary to Plaintiffs' prosecution of this action. These expenses were reasonable and necessary for the successful prosecution of this case. (Ex. 2). Copies of relevant receipts of charges from outside vendors are attached hereto. (Ex. 4).

Case law clearly recognizes the recoverability of these costs. See, *Hutchinson ex reI. Julien v. Patrick*, 636 F.3d 1, 17 (1st Cir. 2011) ("reasonable costs and expenses for travel, printing, and photocopying can be recovered in a fee-shifting proceeding"); *Hansen v. Deercreek Plaza*, LLC, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006) ("§ 12205 provides direct authority for the award of expert fees"); *Praseuth v. Rubbennaid*, Inc., 406 F.3d 1245, 1259 (l0th Cir. 2005) (fee-shifting prevailing party reimbursed for "services such as long distance telephone charges, Federal Express deliveries, postage charges, photocopy charges, fees paid to investigative services, and other professional fees paid by the law firm"); *InvesSys, Inc. v. McGraw-Hill Companies, Ltd.*, 369 F.3d 16,22 (1st Cir. 2004) ("computer-assisted research should be treated similarly and reimbursed under attorney's fee statutes").

   III.   **<u>Defendant's Burden in Opposing this Motion</u>**.

The burden on the party seeking fees "includes 'supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate... '" *ACLU v. Barnes*, 168 F.3d 423,427 (11th Cir. 1999) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)). Plaintiff has submitted such records kept with that level of particularity.  (Ex. 1).

Here, there are no special circumstances that could preclude the recovery of full attorneys' fees and costs for Plaintiffs. As noted above, Plaintiffs' fee request is based on the hours reasonably expended on this litigation multiplied by reasonable hourly rates. Plaintiffs have submitted itemized time, free of block-billing. Plaintiffs have also presented supporting materials and case law in support of the sought hourly rates.

## CONCLUSION

Accordingly, pursuant to the parties' agreement, 29 U.S.C. § 216(b), and Fed. R. Civ. Pro. 54(d)(2), Plaintiffs respectfully request that the Court grant their Motion and direct Defendant to pay Plaintiffs $265,000 in attorneys' fees and $75,471.94 in expenses.

Respectfully submitted this 2nd day of May, 2016.

/s/ Douglas R. Kertscher
**DOUGLAS R. KERTSCHER,**
Ga. Bar No.: 416265
Hill, Kertscher & Wharton, LLP
3350 Riverwood Pkwy, Ste.800
Atlanta, Georgia 30339

T: (770) 953-0995  
F: (770) 953-1358  
E: drk@hkwww-law.com  
*Attorney for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1 (C) and 7.1 (D).

    /s/ Douglas R. Kertscher
Douglas R. Kertscher, Esq.
Georgia Bar No. 416265

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2016, I served a true and correct copy of the forgoing PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF LAW IN SUPPORT was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Kelly Gooch Carlson
Director/Gen. Counsel
Youth Villages, Inc.
3320 Brother Blvd.
Memphis, TN 38133

Eric R. Magnus
Jackson Lewis, PC
1155 Peachtree Street, NE, Ste. 1000
Atlanta, GA 30309

James R. Mulroy, II, Esq.
Jackson Lewis
999 Shady Grove Road, Ste. 110
Memphis, TN 38120

This 2nd day of May, 2016.

Douglas R. Kertscher, Esq.
Georgia Bar No. 416265