## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **PAUL WILLOUGHBY, PHILLIP DAVIS, AND CRYSTAL FOSTER-GADSDEN FOR AND ON BEHALF OF THEMSELVES AND OTHER PERSONS SIMILARLY SITUATED,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**YOUTH VILLAGES, INC.**<br><br>**Defendant.** | **CIVIL NO. 1:13-cv-03910-SCJ** |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES

## I.
## SUMMARY OF ARGUMENT

Plaintiffs have demanded $265,000[1] in attorneys' fees and taxable costs in the amount of $75,471.94.  This case settled at a mediation held on February 2, 2016.  Defendant opposes Plaintiffs' petition for fees and costs on the following bases and requests the Court to reduce the fees to the $80,000 "low" limit:

- Plaintiffs' efforts were of limited success in respect to both the legal theories advanced and damages sought.

---

[1]     Plaintiffs have calculated professional fees to be $363,822.50 but acknowledge fees are capped by the settlement agreement approved by the Court to a $265,000 high and $80,000 low cap.

- Plaintiffs received on average only 23% of their initial inflated demands, thus, recovery should be reduced by 77%.

- Plaintiffs seek compensation for motions for which they were unsuccessful involving decertification, summary judgment, joinder, striking evidence and discovery, which is non-compensable time, therefore, a reduction is required for these unsuccessful efforts.

- Plaintiffs pursued theories that were unsupportable (*e.g.,* invalidation of the fluctuating work week and joinder of individuals after decertification of the same class.)

- Plaintiffs' counsels' requested hourly rates are not reasonable under the particular circumstances of this case and should be reduced.

- The Court must reduce Plaintiffs' demand proportionally in view of the cases resolved before mediation (11 cases were dismissed or settled prior to the mediation, 19% of the cases filed).

- In respect to costs, Plaintiffs' request for costs is not properly supported as required by Local Rule 54.2.

- Most, if not all, of the costs requested by Plaintiffs are not "taxable costs" pursuant to 28 U.S.C. § 1920.

**II.**
**BURDEN OF PROOF AND BILLING STANDARD**

The fee applicant bears the burden of establishing entitlement to an award of fees.  The applicant must document the hours expended properly and provide proof of the reasonableness of hourly fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In doing so, it is customary to begin with the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley,* 461 U.S. at 433).

Both the Eleventh Circuit and the Supreme Court have emphasized that fee applicants must exercise appropriate "billing judgment" and "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434, 437; *Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 Fed. Appx. 597, 600 (11th Cir. 2010). And if they do not do so, "courts are obligated to do it for them," by "pruning out those that are excessive, redundant, or otherwise unnecessary... [c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

When it is found that the number of hours claimed by FLSA plaintiffs and their attorneys is unreasonably high, the court can either conduct an hour-by-hour

3

analysis or simply reduce the hours using an across-the-board cut. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

## III.
## PLAINTIFFS' ATTORNEYS' FEES MUST BE REDUCED

### A. Plaintiffs' Lodestar Amount Should Be Reduced By 77% Due To Plaintiffs' Limited Success.

As is reflected on the charts included as Exhibit A hereto (Declaration of Mandi Benson's Summary of Evidence Pursuant to F.R.E. 1006)), the Plaintiffs' expert on February 16, 2015 submitted a report in which the total demand was expressed as back pay in the total amount of $198,614.  In addition, Plaintiffs collectively sought liquidated damages in the amount of $198,614 for a total collective demand of $397,228 plus attorneys' fees and costs.

The ultimate settlement for all Plaintiffs was $93,157.83 inclusive of liquidated damages.  This settlement was split 50% for back pay and 50% for liquidated damages.  Thus, as reflected in Exhibit A (Exs. 1 and 2 thereto) , the actual recovery by Plaintiffs on the average was only 23.87% of the initial demand. This initial demand was made well into the litigation and eleven months before the ultimate resolution.

According to Plaintiffs, in respect to attorneys' fees, they calculate their lodestar amount to be $363,822.50, if the parties had not already agreed to limit fees to an amount between $80,000 and $265,000.  They maintain that they should

be given the full $265,000, which Plaintiffs argue is an amount that has already been discounted by nearly $100,000.   However, $363,822.50 is not the proper starting point for discounting.  The courts recognize that it is appropriate to reduce a lodestar amount whenever a plaintiff achieves "only partial or limited success." *Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, 11-47 (S.D. Fla. Sept. 26, 2012):

> . . . . After calculating the lodestar, the Court may apply an across the board reduction to the lodestar where "the plaintiff achieved only partial or limited success." (quoting *Hensley*, 461 U.S. at 436.)  In fact, the Supreme Court has stated that the degree of success obtained by the prevailing party is a "crucial factor that district courts should consider carefully in determining the amount of fees to be awarded." *Ibid* (citing Hensley, 461 U.S. at 440.)  When making this reduction, the Court does not have to conduct an hour-by-hour analysis. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Id*. This means that when a plaintiff obtains a result that is "limited in comparison to the scope of the litigation as a whole," it is appropriate for them to receive a reduced award of attorney's fees. *Id*.

In *Rodriguez v. Super Shine & Detailing, Inc.*, 2012 U.S. Dist. LEXIS 80214, *18 (S.D. Fla. June 11, 2012), the court held that "an award of attorney's fees can be reduced for raising unsupported claims that prolong litigation and prevent settlement negotiations." In so ruling, it cited to a similar case, *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1286, 1288 (S.D. Fla. 2008), where the court reduced the plaintiff's requested attorney's fees by 67 percent, in part due to plaintiffs' counsel's "unrealistic and legally unsupported damage calculations" that

"precluded pursuit of settlement, unnecessarily prolonged the litigation, and increased costs." *Ibid*.

In *Brandt v. Magnificent Quality Florals Corp.*, 2011 U.S. Dist. LEXIS 113195, 14-73 (S.D. Fla. Sept. 30, 2011), the court held that:

> Based upon a review of the record as a whole, and for the reasons stated below, the undersigned concludes that it is appropriate to reduce the lodestar attorney fee amount in this case by 70%, in order to account for the limited success achieved by Plaintiff Brandt.
>
> In reaching this conclusion, the undersigned considers that the judgment for Mr. Brandt in the amount $1,208.52 is a far cry from the damage estimate submitted by the Plaintiff in his Statement of Claim, which calculated Plaintiff Brandt's damages to be $56,160.00 excluding Attorneys' Fees and costs (DE # 5). Thus, this is not a case where the plaintiff received most of what the plaintiff originally sought, even if that amount sought was relatively small. . .

See also *Roldan v. Pure Air Solutions, Inc.*, 2010 U.S. Dist. LEXIS 12779, *8 (S.D. Fla. Jan. 29, 2010) (reducing attorneys' fees lodestar calculation by 85% based upon limited success); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fla. 2007) (reducing request for $377,090.62 in attorneys' fees by 50%); *Baxter v. Automated Gate Systems, Inc.*, 2011 U.S. Dist. LEXIS 49822, * 4 (M.D. Fla. May 10, 2011) (reducing attorney fee lodestar calculation of $4,257.00 to $1,120.00, an approximate 74% reduction, where FLSA plaintiff recovered only $1,120 in a settlement after initially seeking $40,000.00).

In the instant case, Plaintiffs demanded $397,228 in February 2015. They recovered a year later, $93,157.83, an amount equal to only 23% of their demand.

6

Accordingly, the lodestar amount upon which to base further discounts would be $83,679.06.

## B. Plaintiffs' Counsel Cannot Recover For Time Spent On Unsupportable Theories.

In the instant case, the unwarranted tenacity with which the Plaintiffs attacked a facially legitimate fluctuating work week payroll system is notable. The Plaintiffs failed to accept from an early stage of the case that although any amounts shorted Plaintiffs as a result of error should be paid to Plaintiffs, such errors do not invalidate Defendant's entire system of pay. This is particularly true in light of the Defendant's failsafe system of reporting pay shortages through multiple methods, including direct contact with the corporate payroll office in Memphis. Notably, this fact was commented on by the Court in the order on motion for decertification citing testimony by Plaintiffs that they knew of the procedure and used it. (D.E. No. 121, pp. 4-5, 7-8). The court found that lead Plaintiff Willoughby used the Defendant's system of reporting pay discrepancy over 100 times to prevent being shorted. Had Plaintiffs taken a more reasonable approach and accepted that this case was about the extent of the shortages and not invalidation of the fluctuating work week method, then it could easily have been settled earlier. This fact was pointed out to Plaintiffs' counsel as early as December 2014 to no avail. Instead, Plaintiffs made no demand at that time and insisted the back pay involved ranged from $2,000 at the low end to over $20,000 per individual Plaintiff plus attorneys'

fees and costs.  (Exhibit A, Declaration of Mandi Benson, Ex. 1 thereto Plaintiffs' Expert Demand of February 2015.)   Notably, as illustrated by the charts, 31 Plaintiffs received less than 30% of their initial demand and 21 received less than 20%.

### C. Plaintiffs Cannot Recover Fees For Motions Or Other Pleadings That Were Ultimately Unsuccessful.

Throughout this litigation, Plaintiffs filed motions and contested motions filed by Defendant, often to no avail. As such, their fee award should be reduced by any amounts attributable to those unsuccessful endeavors. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 13 (S.D.N.Y. 2015) (Line-items in counsel's records attributable to an unsuccessful motion to certify reduced the award accordingly); *Custodio v. Am. Chain Link & Constr., Inc.*, 2011 U.S. Dist. LEXIS 158497, *12-13 (S.D.N.Y. Jan. 13, 2014) (deducting 25.75 hours from the lodestar calculation in light of "the attorneys' time for the unsuccessful class certification motion").

For instance, on January 19, 2015, Plaintiffs filed a Motion to Compel. *See* D.E. No. 84. However, that motion was denied on January 20, 2015 in a minute order (unnumbered) because it was in violation of the Court's instructions of December 2, 2013.   Nevertheless, Plaintiffs' counsel had run up approximately **$2,075** in fees in preparing it. Because that motion was denied, Plaintiffs should not recover for its preparation.

Likewise, on March 25, 2015, Plaintiffs filed a Motion for Partial Summary Judgment, as well as a Motion to Strike Portions of Defendant's Reply Brief. *See* D.E. Nos. 104 & 107. Although leave to file a sur-reply, which was contained in Plaintiffs' Motion to Strike, was granted, all other portions of those motions were denied.[2] *See* D.E. Nos. 119 & 121. A surreply on the issue was never filed.

In addition, Plaintiffs' counsel billed approximately **$15,285** preparing the Motion for Summary Judgment, and another **$3420** arguing that a portion of Defendant's Reply should be stricken for raising new arguments. This was yet another argument that the Court rejected, noting that Defendant's argument had been present in the case since its inception and could not possibly be considered new. As such, the Court declared itself "at a loss" in trying to find some merit to Plaintiffs' arguments. *See* D.E. No. 121 at p. 4-5, 7-8.

On August 20, 2015, Plaintiffs filed a Motion for Pretrial Order and for Trial Setting. *See* D.E. No. 122. That Motion was likewise denied. *See* D.E. No. 134.

Around that same time, Plaintiffs' counsel charged **$3475** in fees for opposing Defendant's Motion to Decertify. Defendant's motion was granted despite the Plaintiffs' opposition. Then, when the Court ultimately decertified the collective action, Plaintiffs' ran up a large sum of fees – approximately **$23,340** -- researching and preparing to use Joinder as a way to file the very same dissimilar

---

[2]     $3,420 was billed for the motion to strike.

claims already dismissed by the Court in another single suit alleging exactly the same claims for each Plaintiff.  The Court severed all of the Plaintiffs dismissing them without prejudice.  *See* D.E. 121 at pp. 8-9, 21.  The work related to using Joinder to advance Plaintiffs' claims was a waste of time and effort and unnecessarily protracted the litigation.  *Brandt v. Magnificent Quality Florals Corp.*, 2011 U.S. Dist. LEXIS 113195, 14-73 (S.D. Fla. Sept. 30, 2011).

**D. Lead Counsel's Hourly Rate Is Unreasonably High.**

Plaintiffs' attorney Doug Kertscher has requested that he be paid at $400 per hour for his involvement in the case and has provided the court with hourly rates charged by other attorneys around Atlanta as proof that his quoted fee is reasonable. However, that rate is far in excess of $325 per hour, which what at least one district court has deemed, even in South Florida, "the upper end of reasonableness for an experienced lead counsel in an FLSA case." *See Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, *23-23 (S.D. Fla. Sept. 26, 2012); *Brandt v. Magnificent Quality Florals Corp.*, 2011 U.S. Dist. LEXIS 113195, *8 (S.D. Fla. Sept. 30, 2011).

In determining an hourly rate, The Court must consider, among other factors, the experience, reputation, and the ability of the particular attorney seeking fees. *Bivins.*, 548 F.3d at 1350.  As his record of practice before this Court

supports, Mr. Kertscher is not yet a $400-an-hour attorney when it comes to FLSA matters.

Including two cases Mr. Kertscher filed just last month, his total FLSA claims filed against parties other than Youth Villages totals 18.  However, a closer look at the degree of difficulty involved in the FLSA cases Kertscher litigated indicate that he should not be considered an expert in FLSA litigation.

When Mr. Kertscher first tested the waters of FLSA litigation in 2008, he filed two cases and defended another.[3]  None of them was certified as a collective action, and no discovery took place.  Both cases he filed were dismissed, and the one he defended was settled immediately.

In 2012, he filed six more cases, two of which he agreed to dismiss with the others being quickly settled. *See* footnote 3. As before, no discovery was conducted, and no collective action certification was attempted.  The same holds true for 5 other cases he has filed and quickly settled.  *See* footnote 3.  These cases involved no discovery, no certification, and no complex class litigation.

In fact, other than this matter, and the companion multiple cases he has filed against Youth Villages on the same set of facts, Mr. Kertscher has only litigated

---

[3]     Judicial notice is requested, pursuant to F.R.E. 201 (6)(c), for the following docket reports: 1-2008-cv-00492; 1-2008-cv-01509; 1-2008-cv-03393; 1-2012-cv-01014; 1-2012-cv-01955; 1-2014-cv-02422; 1-2015-cv-01800; 1-2015-cv-03774; 1-2015-cv-03963; 1-2016-cv-01195; 3-2012-cv-00128; 3-2012-cv-00155; 3-2013-cv-00020; 3-2015-cv-00070; 3-2015-cv-00121; 3-2016-cv-00070; 4-2012-cv-00110; 4-2012-cv-00220.   The reports support this summary.

one contested FLSA collective action, which began in 2013 and was settled in March of this year. *See* footnote 3.  Conditional certification was granted in that case, deposition notices were taken, and dispositive motions were filed.  That case was ultimately settled. This is the extent of Kertscher's FLSA litigation experience.

Mr. Kertscher's lack of expertise is borne out by Kertscher's own billings. For example, where someone familiar with FLSA litigation would know the answers, Kertscher and his team had to research the following basic questions in the first several months after this case was filed:

- Whether failure to properly calculate the regular rate prevents there from being a clear mutual understanding for the FWW method (10 hours in September 2013, 1.5 hours in March 2014, 3.7 hours in April 2014);

- Standards for collective action certification (5 hours in February 2014);

- Standards for FLSA exempt status (2.5 hours in April 2014);

- Whether discovery can go forward class-wide before conditional certification (1.1 hours in June 2014); and

- How the relation-back doctrine and 3-year statute of limitations apply 4.2 hours in July 2014).

More importantly, an experienced FLSA litigator would have known that the individual claims raised were not similar enough to qualify for collective action treatment.  A great deal of time was spent in respect to both the certification and decertification matters.   The information militating against seeking collective certification and later demanding decertification was in Mr. Kertscher's hands

from the beginning of the litigation since he had access to his clients and adequate inquiry would have revealed the true value of his case. Subsequently, when the case was decertified, Plaintiffs' counsel attempted joinder despite clear instructions from the Court in the decertification order that the cases must proceed individually.

Because Mr. Kertscher's experience, reputation and ability in the field of complex FLSA litigation does not justify $400 per hour, he should be compensated at the same $250 rate as his co-counsel, Julie Burke. This is especially so considering the fact that much of his time was spent in research and other tasks normally done by an associate, not a partner. Anything more than that is unreasonable and would constitute an unjustified windfall.

**E. Travel Time Is Only Compensable At Half-Time Fee Rates.**

Within counsel's breakdown of fees, Kertscher and Burke attempt to recover for their travel time, both at their "normal" hourly rates, him at $400, her at $250. Notably, this travel time was all "local travel" and involved short distances. As stated by this Court, "travel time should be compensated at only one-half of an attorney's normal hourly rate." *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 2014 U.S. Dist. LEXIS 71696, 14-35 (N.D. Ga. May 27, 2014). Because Kertscher's "normal" rate should be reduced to $250 per hour as discussed below, his travel rate, like that of Burke's, should be at the half-time rate of $125 per hour for all of the following entries:

| Date | Timekeeper | Time | Rate Charged | Fee Charged | Proper Rate | Proper Fee |
|---|---|---|---|---|---|---|
| 12/08/14 | DRK | 1.2 | $400 | $480 | $125 | $150 |
| 12/09/14 | DRK | 1.2 | $400 | $480 | $125 | $150 |
| 01/12/15 | JB | .8 | $250 | $200 | $125 | $100 |
| 01/12/15 | DRK | .8 | $400 | $320 | $125 | $100 |
| 01/14/15 | JB | .6 | $250 | $150 | $125 | $75 |
| 01/15/15 | DRK | 1 | $400 | $400 | $125 | $125 |
| 02/25/15 | DRK | 2 | $400 | $800 | $125 | $250 |
| 03/06/15 | JB | .6 | $250 | $150 | $125 | $75 |
| | | | | $2980.00 | | $1025.00 |

Plaintiffs' request for attorney fees should be reduced by the **$1955** that their attorneys have overbilled for travel time.

### F. Plaintiffs Cannot Recover For Paralegal Work That Was Administrative Or Clerical In Nature. [4]

A review of Plaintiffs' petition reveals that Plaintiffs' paralegals frequently completed administrative and/or clerical work, billed at the paralegal's regular hourly rate. As these tasks bear no resemblance to work traditionally done by an attorney, they are not recoverable. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("The Eleventh Circuit has iterated that the efforts of a paralegal are recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" (citing *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)); *see Estrada*, at *32-33 (tasks that are administrative in

---

[4] The Plaintiffs' fee petition is Exhibit 1 to Plaintiffs' Petition for Fees and Costs, D.E. No. 141-1. To aid the Court in analyzing this billing, a spreadsheet indexing the Plaintiffs' billing by certain topics is attached hereto as Exhibit B. An additional spreadsheet reflecting an analysis by timekeepers is attached hereto as Exhibit C.

nature such as "organizing or confirming dates and times with parties are not recoverable). Therefore, all of the fees reflected on the chart attached hereto as Exhibit D should be cut, reducing the fee award by an additional $2,312.

### G. Plaintiffs Cannot Recover For Work That Was Excessive, Redundant, or Unnecessary, Or Caused By Unsupportable Theories That Prolonged The Litigation.

"Counsel must use 'billing judgment' when requesting attorney's fees and must exclude 'excessive, redundant, or otherwise unnecessary' hours from any fee petition, irrespective of their skill, reputation, or experience. *Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, 11-47 (S.D. Fla. Sept. 26, 2012) (citing *Hensley,* 461 U.S. 424 at 434 (1983); *Barnes*, 168 F.3d at 427). In *Estrada*, the court found exception with many of plaintiff's billing entries and ultimately applied an across the board discount noting that the right to obtain fees was not a "carte blanche" right to assess fees without fear of sanctions. *Estrada*, at p. 11. For example, the court stated:

- Upon a review of the time records, an approximate calculation of the hours Mr. McGuinness and Ms. Gonzalez spent on matters relating to the summary judgment motion and reconsideration motion appears to total more than 36 hours. In the Court's experience, this amount of time for two attorneys to address the summary judgment matters at issue, given the facts of the case, appeared excessive. *Estrada*, at p. 9-10.

- Many of the cited entries describe activities, such as organizing or confirming dates and times with parties, that are typically administrative in nature. Therefore, Plaintiff shall not be compensated at the rate of the paralegal for such tasks. *Estrada*, at p. 9.

- The undersigned [the court] chooses to apply an across-the-board cut that considers the above entries as a sample of counsel's excessive billing and billing for non-compensable time.  The court then applies the results generally to the billing records of the attorneys and paralegal.  In determining an appropriate total number of hours for the entries highlighted above, the undersigned finds that a reduction in the requested hours results in an average reduction of the time claimed of approximately 30%.  The court found that "a 30% across-the-board reduction in the total hours claimed by Plaintiff for the hours expended in this case," was appropriate. *Estrada*, at p. 11.  *See also Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 2014 U.S. Dist. LEXIS 71696, 14-35 (N.D. Ga. May 27, 2014) (cutting time for legal research and internal memorandum).

*See* Exhibit E, Excessive Time Analysis Chart.

**H. Plaintiffs' Fee Award Should Be Reduced On A Pro-Rata Basis To Reflect That Fees Were Already Paid As Part Of Individual Settlements As Complete Satisfaction Of The Individual Claims.**

Courts in the Eleventh Circuit have held that defendants are entitled to pro-rata credit for these settlements together with those cases dismissed before final settlement. There was a total of 11 such cases (see Exhibit A, Declaration of Mandi Benson, Ex. 3 thereto Chart listing dismissals) or 18% of the cases originally in the case. *Evans v. Weiser Sec. Servs.*, 2012 U.S. Dist. LEXIS 124750, 19-27 (S.D. Ala. Mar. 15, 2012) "a non-settling defendant is entitled to offset attorney's fees owed by the amount already paid by settling defendants." In this case, those settlements included amounts for attorneys' fees and costs. The Defendant is thus entitled to an 18% fee discount for this reason alone.

## IV.
## PLAINTIFFS' CLAIM FOR COSTS SHOULD BE DENIED, OR, ALTERNATIVELY, SUBSTANTIALLY REDUCED

**A. Plaintiffs' Claim For Costs Does Not Comply With The Local Rules And Should Be Stricken.**

Pursuant to Northern District of Georgia Local Rule 54, "A bill of costs must be filed by the prevailing party within thirty (30) days after the entry of judgment. A bill of costs which is not timely filed will result in the costs not being taxed as a part of the judgment." It is to be filed <u>separately</u> from a motion for attorney fees. *See* N.D. Ga. R. 54.2 (the motion for fees "shall not be included in a cost bill").

17

**B. Plaintiffs Are Only Entitled To Taxable Costs.**

It is well established that a prevailing FLSA plaintiff is only entitled to recover costs that are listed as taxable under 28 U.S.C. § 1920. *Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, 11-47 (S.D. Fla. Sept. 26, 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). That list is as follows:

- Fees of the clerk and marshal;
- Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- Fees and disbursements for printing and witnesses;
- Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
- Docket fees under section 1923 of Title 28 of the U.S. Code;
- Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of Title 28.

Despite this clear law, Plaintiffs' counsel requested to be reimbursed for the expense of regular mail and overnight mail in the amount of  $1,474.76, the expense of online legal research in the amount of $2,242.23, local travel costs in the amount of $508.21, expedited transcript fees in the amount of $42.55, consulting fees to the Brek Group in the amount of $150, consulting fees (*i.e.*, expert fees) to Charles River Associates in the amount of $61,895, and teleconference fees in the amount of $733.52.  None of these are taxable costs, and

therefore, they are not recoverable by Plaintiffs.  *See, e.g.*, *Fitzgerald v. Regions Bank*, 2014 U.S. Dist. LEXIS 4547, 22-23 (M.D. Fla. Jan. 14, 2014) (denying requests to recover postage, Federal Express, airline tickets, travel expense, etc.); *Hurley v. Kent of Naples, Inc.*, 2014 U.S. Dist. LEXIS 167336, 8-9 (M.D. Fla. Nov. 6, 2014) ("...district court abused its discretion by taxing costs for shipment of deposition transcripts, because Section 1920 does not authorize recovery of shipping expenses") (citing *Watson v. Lake Cnty.*, 492 Fed. Appx. 991, 997 (11th Cir. 2012)); *Kobie v. Fithian*, 2014 U.S. Dist. LEXIS 72521, at *2 (M.D. Fla. May 28, 2014) ("It is well settled that costs for 'shipping and handling' or postage costs are not recoverable expenses under § 1920."); *Watson v. Lake County*, 492 Fed. Appx. 991, 997 (11th Cir. 2012) ("Although § 1920(2) states that fees for 'printed or electronically recorded transcripts' are recoverable, this provision does not extend to telephone-conference fees related to the taking of a deposition."); *Licausi v. Symantec Corp.*, 2009 U.S. Dist. LEXIS 95417, at *3-4 (S. D. Fla. 2009) (denying costs for expedited transcripts); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir. Mar. 7, 2008); *Dillon v. Axxsys Int'l, Inc.*, 2006 U.S. Dist. LEXIS 101612 (M.D. Fla. Nov. 14, 2006) ("Expert witness fees, in excess of a $40 attendance fee, are not authorized under §1920[.]") (citing *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996)).  *See also, De Armas v. Miabraz, LLC,* 2013 U.S. Dist LEXIS 116381 (expert witness

fees disallowed as costs); *Bryant v. Big T East Coast, Inc., et al*, 2007 U.S. Dist. LEXIS 102541 (expert witness fees disallowed as costs).  As such, $67,046.27 of the costs they claim should be disallowed, if Plaintiffs are allowed to recover any costs at all.

**V.**

**<u>CONCLUSION</u>**

Youth Villages is sensitive to its employees and the Fair Labor Standards Act as evidence by its extensive discrepancy reporting system.  Some of Plaintiffs' claims may have been legitimate.  Youth Villages was open to reasonable offers to settle based on the facts and proper application of the law.  In fact, the company settled several such claims during the course of this litigation.  By contrast, Plaintiffs made unreasonable demands relying on incorrect and inflated calculations and incorrect legal theories.  The Plaintiffs' ultimate recovery was only 23% of their initial demand, a demand made well after Plaintiffs filing of the lawsuit.  Plaintiffs' attorneys have also submitted an unreasonable request for costs.  Plaintiffs' counsel have by this litigious conduct visited a hardship on this non-profit charitable organization charged with doing the public good at public expense.  A reduction of attorneys' fees is easily warranted to the $80,000 "low cap".  In addition, the petition for costs should be totally denied as unsupportable under both the local rules and the 28 U.S.C. § 1920.

20

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy, II
(TN Bar No. 000098)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: mulroyj@jacksonlewis.com
*Admitted pro hac vice*

Eric R. Magnus
(GA Bar No. 801405)
JACKSON LEWIS P.C.
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA 30309
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
Email: magnuse@jacksonlewis.com

Kelly S. Carlson
(TN Bar No. 014325)
Youth Villages, Inc., General Counsel
3320 Brother Blvd.
Memphis, TN 38133
Telephone: (901)251-4964
Facsimile: (901)251-5005
Kelly.Carlson@YouthVillages.org
*Admitted pro hac vice*

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of May 2015, I electronically filed the foregoing instrument with the Clerk of Court via CM/ECF, which will serve a copy on the following:

> Douglas R. Kertscher, Esq.
> Julie Hoehn Burke, Esq.
> Hill, Kertscher & Wharton LLP
> Riverwood 100
> 3350 Riverwood Parkway, Suite 800
> Atlanta, GA  30339
> Telephone: (770) 953-0995
> drk@hkw-law.com
>
> *Attorneys for Plaintiff*
>
> <u>s/ James R. Mulroy, II</u>
> Counsel for Defendant

4852-2040-9137, v. 1